RECEIVED
IN LAKE CHARLES, LA

JAN 19 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA


UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 02-20100-001 |
| | CIVIL NO. 05-0154 |
| VERSUS | JUDGE MINALDI |
| LEE ROY CORMIER | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 filed by Lee Roy Cormier. The United States has filed an Answer denying all of the allegations contained in the defendant's motion.

### Procedural History

On November 18, 2002, the defendant pleaded guilty to Count Five of an Indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922 (g)(1).

On May 14, 2003, the defendant was sentenced to 290 months imprisonment and the other counts of the indictment were dismissed. The actual judgment was rendered May 19, 2003. The instant motion was filed January 25, 2005.

The factual stipulation entered into at the time of the plea indicated that the defendant had possessed 18 firearms that had been stolen in residential burglaries.

### Law and Analysis

28 U.S.C. §2255 contains a statute of limitations:

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

The defendant's conviction became final ten days after the judgment was entered. The judgment was entered on May 19, 2003. The defendant did not file a direct appeal. Therefore, the judgment became final May 29, 2003.

In his §2255 motion, as grounds for filing the instant motion, the defendant states: "My plea agreement would have been 10 yrs. imprisonment, 3 yrs. supervised release, $250,00.00 fine, $100 special assessment, instead on Count 5 of the indictment I was sentenced to 293 months." Although it is not entirely clear what the defendant is arguing, Cormier appears to be arguing that if he had been sentenced under another count of the indictment, his sentence could have been less.

Cormier pleaded guilty to Count 5 and was sentenced on Count 5. This argument does not fall within any of the four factors which would suspend the statute of limitations under 28 U.S.C. §2255. This § 2255 motion is untimely.

Lake Charles, Louisiana, this 19 day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE