RECEIVED
AUG -2 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 2:02-cr-20100-01** |
| | | **CIVIL NO. 16-CV-01105** |
| **VERSUS** | : | **JUDGE JAMES T. TRIMBLE, JR.** |
| **LEE ROY CORMIER** | : | |

## MEMORANDUM RULING AND ORDER

Before the court is a "Motion for Authorization to File a Second of Successive Motion Under 28 U.S.C. § 2255" (R. #120) which the Fifth Circuit has ordered the Clerk of Court to file as a § 2255 motion to vacate, correct or set aside.[1] In said motion, Defendant, Lee Roy Cormier seeks certification to file a successive Section 2255 motion based on his position that said motion contains a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. The Fifth Circuit has requested that the undersigned determine if Mr. Cormier meets the requirements of § 2255(h)(2). For the reasons that follow, I will dismiss the § 2255 motion.

## PROCEDURAL HISTORY

Mr. Cormier pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S. C. § 922(g)(1). He was sentenced under the Armed Career Criminal Act ("ACCA")[2] to 293 months' imprisonment followed by five years' supervised

---

[1] R. #119.
[2] 18 U.S.C. § 924(e)(1).

1

release; the sentence enhancement requires three previous qualifying convictions on the basis, in part, of Texas Burglary convictions. Mr. Cormier had four prior burglary convictions under Texas law.

On January 1, 2005, Mr. Cormier filed his first § 2255 motion to vacate, set aside, or correct sentence; the motion was subsequently denied. On June 24, 2016, Mr. Cormier filed the instant § 2255 motion; he is claiming relief from his ACCA-enhanced sentence in light of Johnson v. United States.[3] The U.S. Fifth Circuit Court of Appeals authorized this court to consider the motion, however, the grant of authorization was "tentative," in that the district was advised to dismiss the motion without reaching the merits if it determined that Mr. Cormier failed to make the required showing under § 2255(h)(2) and answer the threshold question of whether Mr. Cormier has actually proven a constitutional violation.

The court stayed this proceeding on September 22, 2016 pending a ruling by the Fifth Circuit in United States v. Vela,[4] which the parties believed would address whether a Texas burglary was a qualifying ACCA predicate. After Vela was decided, the court lifted the stay and ordered a response to Mr. Cormier's motion. The court in Vela did not address whether a Texas burglary was a qualifying ACCA predicate.

## LAW AND ANALYSIS

Mr. Cormier maintains that he is entitled to a reduction in his sentence under Johnson because his enhanced sentence was predicated on the residual clause under the ACCA. In other words, because the residual clause was invalidated by Johnson, Mr. Cormier's non-generic burglaries do not constitute valid ACCA predicates. If the

---

[3] 135 S.Ct. 2551 (2015).
[4] No. 16-41000.

2

burglaries are not valid ACCA predicates, Mr. Cormier would be entitled to a reduction in his sentence, effectively removing the ACCA enhancement. He further maintains that the instant motion is timely under § 2255(f)(3) due to his reliance on Johnson which he asserts gives him a newly recognized right. Thus, he argues that his motion is timely because it was filed within a year of the date Johnson was decided.

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g), who has three or more earlier convictions for either a "serious drug offense" or a "violent felony" "committed on occasions different from one another" is subject to an enhanced penalty of 15 years to life."[5] In Johnson, the Supreme Court invalidated, on due process grounds, the residual clause of § 924(e)(2)(B)(ii), finding "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denied fair notice to defendants and invites arbitrary enforcement by judges."[6] The Supreme Court later declared that ruling retroactively applicable.[7]

The portion of § 924 that is considered the "residual clause" is "or otherwise involves conduct that presents a serious potential risk of physical injury to another.[8] The "enumerated offense clause" which has been left intact is "burglary, arson, or extortion, involves use of explosives, ..."[9]

The government contends that all of Mr. Cormier's burglary predicates would have been evaluated under the ACCA's "enumerated offense clause,"[10] not the residual clause.

---

[5] 18 U.S.C. § 924(e)(1).
[6] Johnson, 135 S.Ct. at 2557.
[7] Welch v. United States, 136 S.Ct. 1257, 1265 (2016).
[8] § 924(e)(2)(B).
[9] Id.
[10] See e.g., Johnson, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.")

3

Thus, it maintains that Johnson is not applicable, making Mr. Cormier's § 2255 motion untimely.

The government suggests that a later ruling—Mathis v. United States,[11] could potentially entitle Mr. Cormier for relief; Mathis refined the means by which statutes of conviction are determined to be either "divisible" or "indivisible" (a statute is indivisible and thus not amenable to modified categorical analysis if it lists alternative means of committing an offense, rather than alternative elements).

However, in United States v. Herrold,[12] a post-Mathis case, the Fifth Circuit determined that the Texas burglary statute,[13] is indivisible in light of Mathis. The court held that the statute is broader than a "generic" burglary, and that prior convictions under the statute no longer qualify as ACCA predicates.[14]

Unfortunately, Mathis was not a constitutional ruling, but one of statutory interpretation, and thus is not retroactively applicable.[15] Because, Mathis is not a constitutional ruling and not retroactively applicable, Mr. Cormier's reliance on Johnson provides him no avenue of relief. In United States v. Morgan,[16] the Fifth Circuit affirmed the district court's decision to dismiss the defendant's § 2255 motion as time barred; § 2255(f)(3) restarts the filing clock only if the defendant is entitled to relief in light of a new right recognized by the Supreme Court that is retroactively applicable on collateral review.

---

[11] 136 S.Ct. 2243 (2016).
[12] 883 F.3d 517 (5th Cir. 2018)(en banc), cert. pet. filed 4/18/18, No. 17-1445.
[13] Texas Penal Code § 30.02.
[14] Herrold, 883 F.3d at 529 (expressly overruling United States v. Uribe, 838 F.3d 667 (5th Cir. 2016)).
[15] In re Lott, 838 F.3d 522, 523 (5th Cir. 2016)(denying the defendant authorization to file a successive § 2255 on Mathis grounds because the defendant had failed to make a showing that Mathis set forth new rules of constitutional law that have been made retroactive to cases on collateral review.)
[16] 745 F.3d 664, 666 (5th Cir. 2017).

The timeliness of Mr. Cormier's motion is governed by § 2255(f)(1) which provides that his one year period for filing a § 2255 motion challenging his sentence began to run upon the expiration of the 14-day period for filing a direct appeal, which was June 2, 2003.[17]

To be expected and anticipated, the judicial wheel continues to turn. Recently, in United States v. Wiese,[18] the Fifth Circuit, pursuant to a certificate of appealability, recognized that the dispositive question for jurisdictional purposes is whether the sentencing court relied on the residual clause in making its sentencing determination.[19] The Wiese court held that to determine whether there was a jurisdictional bar to a successive § 2255 motion, the court must look to law at the time of sentencing to determine whether the sentence was imposed under the residual clause of the ACCA's definition of a violent felony. After noting a circuit split as to how to answer that question,[20] the Fifth Circuit then looked at the sentencing record for direct evidence and the relevant background legal environment that existed at the time of sentencing, the presentence report ("PSR") and other relevant materials before the district court. "Relevant legal background" included "the law at the time of sentencing...."[21]

In Weise, the court ultimately concluded that the defendant could not establish that the district court relied on the residual clause to categorize his prior Texas burglary convictions. The circuit law at the time regarded the offense as a "generic burglary," thus the residual clause was not on the sentencing court's radar. The PSR and other

---

[17] United States v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012).
[18] ___ F.3d ___, 2018 WL 3540892 (5th Cir. July 23, 2018).
[19] Wiese, 2018 WL 3540892, at *3.
[20] The First, Tenth, and Eleventh Circuit adopt the "more likely than not" standard; the Fourth Circuit's standard requires a defendant to show that the sentencing court "may have" relied on the residual clause. Id. at *4.
[21] Id. at *3-4.

documents reflected that the ACCA enhancement had been applied based on Weise's prior Texas burglary convictions; the actual charges did not present a situation where the residual clause would have been considered as a basis for ACCA sentencing enhancement.[22]

Mr. Cormier has the burden of showing that he is entitled to relief, meaning that he must show that the residual clause affected the sentencing court's decision to sentence him under the ACCA.[23] Mr. Cormier relies on the sentencing transcript wherein the sentencing judge (the undersigned) referred to Mr. Cormier's history of burglarizing homes and the danger imposed on the property owner. Mr. Cormier remarks that the undersigned referred to Mr. Cormier's prior convictions using language "nearly identical" to that found in the residual clause (See 18 U.S.C. § 924(e)—"otherwise involves conduct that presents a serious potential risk of physical injury to another.") Mr. Cormier suggests that the undersigned's evaluation of the burglary convictions and the potential risk of injury to the homeowner mirrors the "degree of risk" analysis employed in residual clause precedent.[24]

Mr. Cormier suggests that the sentencing transcript is the most reliable evidence of the undersigned's rationale for finding that the burglary convictions were "violent

---

[22] Id.

[23] See generally, United States v. Batamula, 823 F.3d 237, 241 (5th Cir.), cert. denied, 137 S.Ct. 236 (2016)(affirming the district court's denial of a § 2255 motion because the defendant failed to carry his burden of proof; "The district court was not required to cast about in the record looking for allegations and evidence" concerning the defendant's claim that counsel was ineffective).

[24] See James v. United States, 550 U.S. 192 (2007)(overruled by Johnson v. United States, 135 S.Ct. 2551 (2015)(finding attempted burglary risky enough to qualify as a violent felony under the residual clause); Sykes v. United States, 564 U.S. 1, 11 (2001), overruled by Johnson v. United States, 135 S.Ct. 2551 (2015)(holding that defendant's prior conviction under Indiana law for knowing or intentional flight form law enforcement officer by vehicle was a violent felony under the residual clause due to degree of risk); Begay v. United States, 553 U.S. 137 (2008), abrogated by Johnson v. United States, 135 S.Ct. 2551 (2015)(concluding that New Mexico's crime of "driving under the influence" falls outside the scope of the Armed Career Criminal Act's clause "violent felony" definition because of the "way or manner" in which it produced risk.).

felonies' under the ACCA, and that this evidence directly links Mr. Cormier's prior convictions to the residual clause's "serious potential risk of physical injury to another." Thus, Mr. Cormier maintains that he has demonstrated that the undersigned sentenced him under the now constitutionally infirm "residual clause."

I have reviewed the entire sentencing transcript and refreshed my memory; I find that the language Mr. Cormier relies upon does not translate Mr. Cormier's past convictions into "violent felonies." The undersigned was simply positing what could have happened had the property owner showed up during one of the burglaries, considering Mr. Cormier's past criminal record and the fact that many guns ("Twenty, thirty, forty, fifty. I don't know how many there were.")[25] were stolen during the burglaries.

The government maintains that Mr. Cormier's prior convictions were evaluated under the enumerated clause, which as discussed above, has not been invalidated. The government contends that Mr. Cormier's motion is governed by Wiese. Mr. Cormier's prior convictions included "burglary of a habitation" and "burglary of a building" in violation of Texas Penal Code § 30.02. The government argues that there was nothing to put the residual clause on the sentencing court's radar because the circuit law at the time of Mr. Cormier's sentencing evaluated his Texas burglary priors under the enumerated offense clause, not the residual clause. The government notes that it would be pure speculation to suggest that I would ignore the obvious choice of evaluating burglary convictions under a clause that specifically mentions "burglary" and instead, opt to evaluate the burglary convictions under the residual clause. I wholeheartedly agree.

---

[25] Sentencing transcript, p. 14, lines 6 and 7. R. #141.

Furthermore, at the time of Mr. Cormier's 2003 sentencing, the Fifth Circuit precedent recognized that the same prior offenses listed in his PSR qualified as "generic burglaries" for purposes of the ACCA's enumerated offense clause.[26] Prior to Mr. Cormier's sentencing, the Fifth Circuit consistently followed Silva, finding that Texas burglary convictions qualified as ACCA predicates because they were "generic burglaries."[27] I find that because Mr. Cormier has failed to show that the undersigned construed his burglary convictions based on the residual clause. Thus, Mr. Cormier's claim, which is statutorily-based, not constitutionally-based is time-barred.

For the same reasons that I find Mr. Cormier's motion time-barred, I also find that a successive motion under § 2255 based on a new statutory interpretation is not cognizable under § 2255;[28] [29] I did not rely on the residual clause when I sentenced Mr. Cormier; thus, Johnson cannot be a jurisdictional predicate. Thus, I find that Mr. Cormier's § 2255 must be dismissed because he has failed to make the showing required by 28 U.S.C. § 2255(h)(2).

## ORDER

**IT IS ORDERED** that the § 2255 motion to vacate, correct or set aside is hereby **DISMISSED** for lack of jurisdiction.

---

[26] United States v. Silva, 957 F.2d 157, 161-62 (5th Cir. 1992); see also United States v. Martinez-Cortez, 988 F.2d 1408, 1416 (5th Cir. 1993)

[27] See e.g., United States v. Nelson, 2000 WL 290140, *1 (5th Cir. Feb. 16, 2000); United States v. Adkins, 1999 WL 500696, *1-2 (5th Cir. June 18, 1999); Martinez-Cortez, 988 F.2d at 1416.

[28] A second or successive motion under § 2255 must demonstrate either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001), citing 18 U.S.C. § 2255.

[29] See In re Lott, 838 F.3d at 523 (denying Lott permission to file a successive § 2255 motion because Mathis does not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); accord, United States v. Dawkins, 829 F.3d 549, 550-551 (7th Cir. 2016).

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 2nd day of August, 2018.

                             _____
                                 **JAMES T. TRIMBLE, JR.**
                          **UNITED STATES DISTRICT JUDGE**