UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:02-CR-20100-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LEE ROY CORMIER (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(a)(i) (Doc. 159) wherein Defendant Lee Roy Cormier seeks early release from imprisonment based on the presence of alleged "extraordinary and compelling reasons" precipitated by the COVID-19 pandemic. Mr. Cormier alleges that his current health conditions place him at risk of illness and/or death from the coronavirus.

The Government objects to Mr. Cormier's early release because he has failed to establish an "extraordinary and compelling reasons for release as that phrase is defined for purposes of 18 U.S.C. § 3592(c)(1)(A), he has not demonstrated that he is not a danger to the safety of any other person or to the community, and that his release is consistent with the 18 U.S.C. § 3553(a) factors.

## BACKGROUND

Defendant was named in a six-count Indictment on September 10, 2002, which charged him with three (3) counts of possession of a firearm by a convicted felon and three

(3) counts of possession of stolen firearms.[1] Defendant plead guilty to Count 5 of the Indictment which charged him with possessing 18 firearms as a convicted felon.[2] The facts in the PSR establish that Defendant admitted that he had broken into an estimated 20 houses and had stolen the firearms.[3] The PSR also revealed that from 1988 through 2002, Defendant was convicted of five (5) matters involving burglary, two (2) matters involving theft, and one (1) matter involving the unauthorize use of a motor vehicle.[4] Other charges of the same nature were either rejected or dismissed.[5]

Defendants was sentenced on May 14, 2003, to a guideline sentence of 293 months of imprisonment. Defendant was paroled from the Louisiana Department of Corrections to the United States Marshals Service on May 28, 2008, at which time he began serving his federal sentence. Thus, Defendant has served approximately 150 months of his 293-month sentence.

## LAW AND ANALYSIS

Defendant argues that the changes to 18 U.S.C. § 3582(C)(1)(A)(i) made by the First Step Act have vested this Court with authority to identify the extraordinary and compelling circumstances that may warrant a sentence reduction.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825

---

[1] Doc. 1.
[2] As noted by the Government Count 5 of the Indictment indicated that these firearms were stolen.
[3] PSR ¶ 13.
[4] Id. ¶¶ 39-46.
[5] Id. ¶¶ 49 and 50.

(2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the

defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[6] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the

---

[6] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[7] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

The Government argues that Mr. Cormier has not established "extraordinary and compelling" reasons for his early release. The Court agrees. Defendant complains of a generalized fear of the Coronavirus disease. He alleges that he suffers from "hypertension," "hepatitis C," and "thyroid problems." He complains that the prison environment prohibits social distancing and he provides statistics concerning the effect of COVID-19 on the

---

[7] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

general population of the United States, along with the general population of the FCI Beaumont facility where is currently incarcerated.

Neither the policy statement nor the BOP regulation provides any basis for compassionate release based on general health concerns, including those arising from the pandemic. The Commission has identified the grounds for compassionate release which are all based on inherently individual circumstances—health, age, and family responsibilities. The district courts have concluded that general health concerns and a fear of the COVID pandemic are insufficient grounds to establish the extraordinary and compelling reasons to reduce a sentence. See e.g. *United States v. Koons,* 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020); *United States v. Wright,* 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); *United States v. Marco Perez-Serrando,* 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020).

Defendant complains of his current health conditions and has presented medical records that he suffers with "hypertension," "hepatitis C," and "thyroid problems." Defendant contends that he cannot protect himself from acquiring COVID-19 in the facility. However, as noted by the Government, the medical records also reveal that his hypertension is stable with medication, and he takes supplements to treat his hypothyroidism.[8] The medical records do not reveal any findings as to the hepatitis C diagnosis.

---

[8] Doc. 159-2, p. 27.

Defendant's medical conditions are not a terminal illness as defined in U.S.S.G. § 1B1.13, application Note 1(A)(i), nor do Defendant's asserted conditions rise to the level of severity required under the policy statement. The condition must substantially diminish the ability to provide self-care, and it must be one from which Defendant is not expected to recover. Id. More significantly, Defendant's medical conditions are not identified by the Central for Disease Control as increasing a person's risk for developing serious illness from COVID-19.[9] Furthermore, Defendant has not shown that the BOP is incapable of managing any COVID-19 contagion so that release is warranted.

In the alternative, the Government argues that Defendant has not established that if released, he would not be a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), or that release is appropriate in light of the § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Considering Defendant's relevant criminal background and the underlying criminal conviction, this Court agrees that Defendant is in fact a danger to the community's safety.

Finally, to the extent Defendant is seeking home confinement rather than an early release, only the Bureau of Prisons has the authority to grant home confinement. 18 U.S.C. § 362(b).

---

[9] Centers for Disease Control and Prevention, People with Certain Medical Conditions, available at : https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity

## ORDER

For the reasons set forth above,

**IT IS ORDERED** that the motion for compassionate release is hereby **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 30th day of December, 2020.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**